No. 657

### BURDSAL v. BURDSAL

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2563.  Decided Jan. 5, 1925

413. ALIMONY—Award of, when based upon present value of husband's property, there being a division in nature of a partition, should not include a contingent interest for the purpose of fixing the present value of said property, it being too remote.

PER CURIAM.

A divorce was granted Irma Burdsal in the Hamilton Common Pleas, for the aggressions of her husband, Alms Burdsal. That Court allowed the wife alimony, but the award it made of the husband's property was in a nature of a partition thereof. The Court sought to ascertain the value of the property, and then award to the wife two thirds thereof, for she was given the care and custody of the child.

In arriving at the value of the husband's property the court took into consideration a contingent interest in the legacy of his mother under the will of William Alms. Said will left an interest to the mother of the husband in this case, and provided that distribution of the estate might be made in five years upon agreement of the majority of legatees. It also provided in case of the death of Louise Alms Burdsal, the mother of the husband herein, her interest should pass to her children. The value of the husband's property was $103,000

but the wife was awarded $80,000 as two-thirds, indicating that the present value of the mother's interest would bring the value of the estate to $120,000. Error was prosecuted to this award, and the Court of Appeals held:

The trial court was in error in taking into consideration this remote contingent interest. While this contingent interest might ripen into a valuable interest, it is so remote and improbable that it should not have been considered in fixing the present value of the property of the husband. The trial court therefore, in taking an erroneous basis for calculation would arrive at conclusion and the alimony award is erroneous to that extent.

The judgment of the court will be modified in that the division of the husband's property should be made on the basis of $103,000 as the present value.

Attorneys—Peck, Shaffer & Williams for Alms; Bettman, Riesenberg, Cohen & Steltenpohl for Irma; all of Cincinnati.